# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GRACEWAY PHARMACEUTICALS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-13036 (\_\_\_\_)<br><br>Joint Administration Pending |

## APPLICATION OF THE DEBTORS TO RETAIN AND EMPLOY BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT FOR THE DEBTORS AND AUTHORIZING THE APPOINTMENT OF BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT TO THE OFFICE OF THE CLERK OF THE COURT

("**BMC Retention Application**")

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby apply to this Court (the "**Application**") for entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ BMC Group, Inc. ("**BMC**") as notice, claims and balloting agent and authorizing the appointment of BMC as notice, claims and balloting agent to the office of the clerk of this Court (the "**Clerk's Office**"), effective as of the Petition Date (as defined below). The Debtors seek to retain and employ BMC pursuant to the terms of the Agreement for Services, dated August 22,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Graceway Pharma Holding Corp., a Delaware corporation (9175); Graceway Holdings, LLC, a Delaware limited liability company (2502); Graceway Pharmaceuticals, LLC, a Delaware limited liability company (5385); Chester Valley Holdings, LLC, a Delaware limited liability company (9457); Chester Valley Pharmaceuticals, LLC, a Delaware limited liability company (3713); Graceway Canada Holdings, Inc., a Delaware corporation (6663); and Graceway International, Inc., a Delaware corporation (2399). The mailing address for Graceway Pharmaceuticals, LLC is 340 Martin Luther King Jr. Blvd., Suite 500, Bristol, TN 37620 (Attn: John Bellamy).

2011, by and among BMC and the Debtors, a copy of which is attached hereto as <u>Exhibit B</u> (the "**Retention Agreement**"). In support of this Application, the Debtors respectfully state:[2]

## Jurisdiction

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 28 U.S.C. § 156(c), Section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002(f) and 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1(f) and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Background

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official statutory committees have been appointed or designated. Concurrently with the filing of this Application,

---

[2] The facts and circumstances supporting this Application are set forth in the Declaration of Gregory C. Jones in Support of Chapter 11 Petitions and First Day Motions (the "**First Day Declaration**"), filed on the Petition Date (defined below).

the Debtors have requested procedural consolidation and joint administration of these Chapter 11 Cases.

4. A description of the Debtors' businesses, the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Application) are set forth in the First Day Declaration filed contemporaneously with this Application.

## Relief Requested

5. By this Application, the Debtors seek approval of the (i) appointment of BMC as notice, claims and balloting agent to the Clerk's Office in these Chapter 11 Cases and (ii) retention of BMC by the Debtors to serve as notice, claims and balloting agent pursuant to the terms and conditions of the Retention Agreement. As the notice, claims and balloting agent, BMC will, among other things, (i) distribute required notices to parties-in-interest, (ii) receive, examine, maintain and docket all proofs of claim and proofs of interest filed in these Chapter 11 Cases and maintain the associated claims registers, (iii) if necessary, solicit, collect, and tabulate acceptances and rejections of the Debtors' plan of reorganization from parties entitled to vote thereon and (iv) provide such other administrative services that this Court, the Clerk's Office, and the Debtors may require in connection with these Chapter 11 Cases. In support of this Application, the Debtors submit the declaration of Tinamarie Feil attached hereto as Exhibit C (the "**Feil Declaration**").

## Services To Be Provided

6. The Debtors desire and seek authority to employ and retain BMC as notice, claims and balloting agent in these Chapter 11 Cases, and also the appointment of BMC as notice, claims and balloting agent to the Clerk's Office in these Chapter 11 Cases, effective as of the Petition Date. The Debtors have selected BMC because of BMC's well-developed, efficient

3

and cost-effective methods in its area of expertise. In addition, BMC is fully equipped to handle the volume of mailing involved in properly sending the required notices to creditors and other interested parties in these Chapter 11 Cases. The Debtors have approximately 4,300 creditors, potential creditors and parties-in-interest to which certain notices, including notice of these Chapter 11 Cases, will be sent. The size of the Debtors' creditor body makes it impracticable for the Clerk's Office or the Debtors to, without assistance, undertake the task of sending notices to creditors and other parties-in-interest. In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors respectfully submit that the appointment of a notice, claims and balloting agent to act as an agent of the Clerk is (i) the most effective and efficient manner by which to give notice and provide solicitation services in these Chapter 11 Cases and (ii) necessary and in the best interest of both the Debtors' estates and their creditors. BMC will follow the notice and solicitation procedures that conform to the guidelines promulgated by the Clerk of this Court and the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c), and as may be ordered by this Court.

7. BMC is a claims administration firm that specializes in chapter 11 administration, consulting and analysis, including noticing, claims processing, voting and other administrative tasks in chapter 11. The Debtors believe that such assistance will expedite service of notices, streamline the claims administration process and permit the Debtors to focus on their reorganization efforts.

8. Based on BMC's considerable experience and expertise, the Debtors believe that BMC is well qualified to provide such services, expertise, consultation and assistance. As set forth in the Feil Declaration, BMC has assisted and advised numerous chapter 11 debtors in connection with noticing, claims administration and reconciliation and administration of plan

4

YCST01: 11458073.4  070649.1001

votes. BMC has provided identical or substantially similar services in other chapter 11 cases filed in the District of Delaware, including: In re Regen Biologics, Inc., Case No. 11-11083 (PJW); In re Urban Brands, Inc., Case No. 10-13005 (KJC); and In re Ultimate Escapes Holdings, Inc., 10-12915 (BLS).

9. As explained above, by appointing BMC as the notice, claims and balloting agent in these Chapter 11 Cases, the Clerk's Office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

10. BMC has assured the Debtors that it will take care not to duplicate the efforts of any other professional of the Debtors retained in these cases. BMC is the sole notice, claims and balloting agent in these Chapter 11 Cases. As a result, duplication of effort by BMC is unlikely. Nevertheless, BMC will endeavor to coordinate with other professionals retained by the Debtors that are involved significantly in these Chapter 11 Cases to avoid duplication and inefficiency.

11. BMC has assured the Debtors that it will take care not to duplicate the efforts of the Clerk of the Court and will coordinate the provision of services with the Clerk throughout the pendency of these Chapter 11 Cases.

## Terms of Retention

12. Pursuant to the Retention Agreement, at the request of this Court, the Clerk's Office or the Debtors, BMC will (i) assist the Debtors and the Clerk's Office with noticing and claims docketing and (ii) assist the Debtors with the compilation, administration, evaluation and production of documents and information necessary to support the administration of these Chapter 11 Cases. Specifically, BMC may, if and as necessary and in accordance with any Court orders or rules, provide the following services in these Chapter 11 Cases:

> (a) prepare and serve all notices in these Chapter 11 Cases as determined by the Debtors or their counsel;

(b)     receive, record and maintain copies of all proofs of claim and proofs of interest filed in these Chapter 11 Cases;

(c)     create and maintain the official claims register(s) containing, among other things, PDF images of every proof of claim which will be in a format accessible through a website maintained by BMC;

(d)     receive and record all transfers of claims pursuant to Bankruptcy Rule 3001(e);

(e)     maintain an up-to-date mailing list for all entities who have filed proofs of claim and/or requests for notices in these Chapter 11 Cases;

(f)     assist with the administrative management, reconciliation and resolution of claims;

(g)     print, mail and tabulate ballots for purposes of plan voting;

(h)     assist with the maintenance of data regarding the Debtors' schedules of assets and liabilities, statements of financial affairs and other master lists and databases of creditors, assets and liabilities;

(i)     assist with the production of reports, exhibits and schedules of information for use by the Debtors, Debtors' counsel, or to be delivered the Court, the Clerk's Office, the U.S. Trustee or third parties;

(j)     provide other technical and document management services of a similar nature requested by the Debtors or the Clerk's office;

(k)     set up and maintain a case website, including daily uploads of docket entries and other case related materials;

(l)     provide computer software support and training to the Debtors in the use of the support software; and

(m)     provide reports as well as consulting and programming support for the Debtors' requested reports, program modifications, data modification, and/or other features.

13.     The Debtors propose to compensate BMC on substantially the terms and conditions set forth in the Retention Agreement, upon receipt of reasonably detailed invoices setting forth the services provided by BMC during the prior month and the rates charged for such services performed. BMC shall maintain records of all services it performs on behalf of the Debtors and such records will reflect, at a minimum, dates, categories of services and

descriptions of time spent, fees, charges and expenses incurred. Subject to certain limited exceptions described in section IV.F of the Retention Agreement, the entire amount payable by the Debtors in connection with BMC's fees and expenses under the Retention Agreement is subject to a maximum amount as set forth in the Retention Agreement.[3]

14. The Debtors further propose that the cost of BMC's services be paid from the Debtors' estates as provided by 28 U.S.C. § 156(c) and Section 503(b)(l)(A) of the Bankruptcy Code. The Debtors believe that the proposed rates to be charged by BMC are reasonable and appropriate for services of this nature. The Debtors reviewed the rates of other firms prior to selecting BMC and believe BMC's rates are reasonable given the quality of BMC's services and BMC's prior bankruptcy expertise. Prior to the Petition Date, the Debtors paid BMC a total of $25,000 as a retainer (the "**Retainer**").

15. As part of the overall compensation payable to BMC under the terms of the Retention Agreement, the Debtors have agreed to certain limitations of liability and indemnification obligations, as described in section XI of the Retention Agreement. Both the Debtors and BMC believe that such provisions are customary and reasonable for notice, claims and balloting agents in chapter 11 cases.

16. The Debtors request that the undisputed fees and expenses BMC incurs in the performance of the above services, subject to the maximum amount set forth in the Retention Agreement, be treated as an administrative expense of the Debtors' estates and be paid by the Debtors in the ordinary course of business without further application or request for relief to this Court; provided, however, that BMC will submit copies of all invoices to the Debtors, the U.S.

---

[3] The maximum amount has been redacted in the Retention Agreement attached hereto as Exhibit B. Upon request, the Debtors will provide an unredacted copy of the Retention Agreement to the Court, the U.S. Trustee, special restructuring and bankruptcy counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, and counsel to any committee of unsecured creditors appointed in these Chapter 11 Cases.

Trustee, counsel to any official statutory committees appointed or designated in these Chapter 11 Cases, and special restructuring and bankruptcy counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility (collectively, the "**Fee Parties**"). The Fee Parties will have twenty-one (21) days after delivery of an invoice to file with the Court and serve on BMC and the other Fee Parties an objection to such invoice, which must describe with particularity the specific basis for the objection. The Debtors request authority to pay the undisputed fees and expenses reflected on an invoice no later than thirty (30) days after submission thereof, or, in the case of any fees or expenses timely objected to by one of the Fee Parties, no later than thirty (30) days after such objection has been resolved by this Court.

17. The Retainer paid to BMC was or will be applied to BMC's invoice for services rendered and expenses incurred prior to the Petition Date and performed under the Retention Agreement. To the extent that any portion of the Retainer remains after the Petition Date, such amount will be applied against BMC's first bill for postpetition fees and expenses.

18. BMC shall perform the duties within the scope of its appointment under 28 U.S.C. § 156(c) regardless of whether BMC has received payment in accordance with the Retention Agreement. To the extent BMC requires redress for non-payment of its fees and expenses, it will seek relief from this Court.

## BMC's Disinterestedness

19. To the best of the Debtors' knowledge, and as disclosed in the Feil Declaration, BMC (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, except that BMC was employed by the Debtors prior to the Petition Date as allowed by Section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtors' estates.

20. To the best of the Debtors' knowledge, BMC is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, in that its employees:

(a) are not creditors, equity holders or insiders of the Debtors;

(b) are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors.

21. Before the Petition Date, an affiliate of BMC, BMC Group VDR LLC ("**VDR**"), provided for the Debtors a secure virtual dataroom and related services in connection with the Debtors' sale process. The Debtors do not owe VDR (or BMC) any amount for services performed or expenses incurred prior to the Petition Date. In the ninety days immediately preceding the Petition Date, the Debtors paid to VDR $343,699.60 on account of invoices issued for such services. The Debtors did not provide any retainer to VDR (or BMC) in connection with these services.

22. Additionally, the Retainer paid to BMC was applied to BMC's invoice for services rendered and expenses incurred prior to the Petition Date and performed under the Retention Agreement. To the extent that any portion of the Retainer remains after the Petition Date, such amount will be applied against BMC's first bill for postpetition fees and expenses.

23. In connection with its appointment as notice, claims and balloting agent in these Chapter 11 Cases, BMC represents, among other things, that it will not employ any past or present employees of the Debtors in connection with its work as the notice, claims and balloting agent in these Chapter 11 Cases. The Debtors are advised that BMC has agreed not to share with

YCST01: 11458073.4　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　070649.1001

any person or firm the compensation it receives for professional services rendered in these Chapter 11 Cases.

24. BMC will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, BMC will supplement its disclosure to this Court.

25. Because the notice and claims services described above are necessary to the administration of these Chapter 11 Cases, the appointment of BMC as notice, claims and balloting agent to the Clerk's Office in these Chapter 11 Cases and the retention of BMC by the Debtors in connection therewith would be appropriate and in the best interests of the Debtors' estates.

## Notice

26. The Debtors have provided notice of this Application to: (a) the United States Trustee for the District of Delaware; (b) financing counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility; (c) special restructuring and bankruptcy counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility; (d) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility; (e) the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility; (f) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions; (g) the Food and Drug Administration; (h) the Internal Revenue Service; and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

27. A copy of the Application is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Application are available for free on the website of the Debtors' proposed claims, noticing, soliciting and balloting agent, BMC Group, Inc., at www.bmcgroup.com/graceway, or can be requested by calling (888) 909-0100 from within the United States or +1 (310) 321-5555 if calling from outside the United States.

WHEREFORE, the Debtors respectfully request that this Court (i) enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the appointment of BMC as notice, claims and balloting agent to the Clerk's Office, and the retention of BMC by the Debtors in accordance with the Retention Agreement with respect to BMC's appointment as notice, claims and balloting agent, effective as of the Petition Date and (ii) grant such other and further relief as this Court deems appropriate.

Dated: September 29, 2011
Wilmington, Delaware

Respectfully Submitted,

GRACEWAY PHARMACEUTICALS, LLC

*Brian G. Shrader*
Brian G. Shrader
Chief Financial Officer

On behalf of the other Debtors listed on Schedule I hereto:
Authorized Signatory

## Schedule I

Graceway Pharma Holding Corp.
Graceway Holdings, LLC
Graceway Canada Holdings, Inc.
Graceway International, Inc.
Chester Valley Pharmaceuticals, LLC
Chester Valley Holdings, LLC