# Exhibit A

# Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GRACEWAY PHARMACEUTICALS, LLC, et al.,[1] | Case No. 11-13036 (___) |
| Debtors. | Joint Administration Pending |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT FOR THE DEBTORS AND AUTHORIZING THE APPOINTMENT OF BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT TO THE OFFICE OF THE CLERK OF THE COURT**

("BMC Retention Order")

Upon consideration of the application (the "**Application**")[2] of the Debtors for entry of an order authorizing the Debtors to retain and employ BMC Group, Inc. ("**BMC**") as notice, claims and balloting agent and authorizing the appointment of BMC as notice, claims and balloting agent to the Clerk's Office, effective as of the Petition Date; and upon consideration of the declaration of Tinamarie Feil (the "**Feil Declaration**"); and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court being satisfied based on the representations made in the Application and the Feil Declaration that BMC is disinterested as that term is defined under Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and it appearing that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Graceway Pharma Holding Corp., a Delaware corporation (9175); Graceway Holdings, LLC, a Delaware limited liability company (2502); Graceway Pharmaceuticals, LLC, a Delaware limited liability company (5385); Chester Valley Holdings, LLC, a Delaware limited liability company (9457); Chester Valley Pharmaceuticals, LLC, a Delaware limited liability company (3713); Graceway Canada Holdings, Inc., a Delaware corporation (6663); and Graceway International, Inc., a Delaware corporation (2399). The mailing address for Graceway Pharmaceuticals, LLC is 340 Martin Luther King Jr. Blvd., Suite 500, Bristol, TN 37620 (Attn: John Bellamy).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Application and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Application is GRANTED as set forth herein.

2. BMC is appointed as notice, claims and balloting agent to the Clerk's Office on a final basis, effective as of the Petition Date.

3. The Debtors are authorized, pursuant to 28 U.S.C. § 156(c), to retain, employ, compensate, and reimburse BMC, as notice, claims and balloting agent to the Clerk's Office in accordance with that certain Agreement for Services (the "**Retention Agreement**"), dated August 22, 2011, a copy of which is attached to the Application as Exhibit B.

4. The Debtors are authorized to pay BMC's fees and expenses, as provided by 28 U.S.C. § 156(c) and Section 503(b)(1)(A) of the Bankruptcy Code, as set forth in the Retention Agreement, and subject to the limitations on fees set forth in the Retention Agreement, in the ordinary course of business without the necessity of BMC filing fee applications or other requests for relief with this Court; provided, however, that BMC shall submit copies of all invoices to the Debtors, the U.S. Trustee, counsel to any official statutory committees appointed or designated in these Chapter 11 Cases, and special restructuring and bankruptcy counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility (collectively, the "**Fee Parties**"). The Fee Parties shall have twenty-one (21) days after delivery of an invoice to file with the Court and serve on BMC and the other Fee Parties an objection to

CH\1292091.8

such invoice, which must describe with particularity the specific basis for the objection. The Debtors shall pay the undisputed fees and expenses reflected on an invoice no later than thirty (30) days after submission thereof, or, in the case of any fees or expenses timely objected to by one of the Fee Parties, no later than thirty (30) days after such objection has been resolved by this Court.

5. Notwithstanding interest charged in connection with past due payments or material changes in the assumptions contained in the Retention Agreement, the entire amount payable by the Debtors in connection with BMC's fees and expenses under the Retention Agreement is subject to a maximum amount as set forth in the Retention Agreement.[3]

6. The Retainer paid to BMC shall be applied to BMC's invoice for services rendered and expenses incurred prior to the Petition Date and performed under the Retention Agreement. To the extent that any portion of the Retainer remains after the Petition Date, such amount shall be applied against BMC's first bill for postpetition fees and expenses.

7. Notwithstanding anything to the contrary in the Retention Agreement, and regardless of whether BMC's fees and expenses under the Retention Agreement have reached the maximum amount set forth in the Retention Agreement, BMC shall not suspend or terminate performance of the services described in the Retention Application prior to requesting and receiving an order from this Court permitting such suspension and/or termination.

8. Any dispute with respect to the fees and expenses by BMC shall be brought before this Court for a final determination.

---

[3] The maximum amount has been redacted in the Retention Agreement attached to the Application as Exhibit B. Upon request, the Debtors shall provide an unredacted copy of the Retention Agreement to the Court, the U.S. Trustee, special restructuring and bankruptcy counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, and counsel to any committee of unsecured creditors appointed in these Chapter 11 Cases.

9. Upon the closing of the Chapter 11 Cases, BMC shall return all proofs of claim received by it and the official claims registry to the Clerk's Office.

10. Notwithstanding anything to the contrary in the Retention Agreement, neither BMC nor the Debtors will be entitled to any limitation of liability with respect to any claims related to or arising out of the Retention Agreement. Any such limitation of liability provisions contained in the Retention Agreement are null and void.

11. The Debtors are authorized to indemnify and hold harmless BMC, its officers, employees and agents (collectively, the "**Indemnified Persons**"), pursuant to the terms and conditions set forth in the Retention Agreement, subject to the following conditions:

> (a) BMC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement thereof are approved by the Court;
>
> (b) Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of BMC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artist Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order; and
>
> (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, BMC believes that it is entitled to payment of any amounts by the debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Retention Agreement, including

4

without limitation the advancement of defense costs, BMC must file an application before this Court, and the Debtors may not pay any such amounts to BMC before the entry of an order by this Court approving the payment. This paragraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by BMC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BMC. All parties in interest shall retain the right to object to any demand by BMC for indemnification, contribution or reimbursement.

12. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or any order regarding the use of cash collateral.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____, 2011
      Wilmington, Delaware

                                                      United States Bankruptcy Judge