# Exhibit C

# Feil Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| GRACEWAY PHARMACEUTICALS, LLC, et al.,[1] | Case No. 11-13036 (___) |
| Debtors. | Joint Administration Pending |

**DECLARATION OF TINAMARIE FEIL IN SUPPORT OF APPLICATION OF THE DEBTORS TO RETAIN AND EMPLOY BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT FOR THE DEBTORS AND AUTHORIZING THE APPOINTMENT OF BMC GROUP, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT TO THE OFFICE OF THE CLERK OF THE COURT**

("Feil Declaration")

I, Tinamarie Feil, declare the following under penalty of perjury:

1. I am the President of Client Services of BMC Group, Inc. ("**BMC**"), whose main office is located at 600 First Avenue, Suite 300, Seattle, WA 98104, telephone number 206.516.3300. I am authorized to make and submit this declaration on behalf of BMC. The matters set forth herein are based on my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration is made in support of the Application to Retain and Employ BMC Group, Inc. as Notice, Claims and Balloting Agent for the Debtors and Authorizing the Appointment of BMC Group, Inc. as Notice, Claims and Balloting Agent to the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Graceway Pharma Holding Corp., a Delaware corporation (9175); Graceway Holdings, LLC, a Delaware limited liability company (2502); Graceway Pharmaceuticals, LLC, a Delaware limited liability company (5385); Chester Valley Holdings, LLC, a Delaware limited liability company (9457); Chester Valley Pharmaceuticals, LLC, a Delaware limited liability company (3713); Graceway Canada Holdings, Inc., a Delaware corporation (6663); and Graceway International, Inc., a Delaware corporation (2399). The mailing address for Graceway Pharmaceuticals, LLC is 340 Martin Luther King Jr. Blvd., Suite 500, Bristol, TN 37620 (Attn: John Bellamy).

Clerk of the Court (the "**Application**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), filed contemporaneously herewith.

3. As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), BMC will perform, at the request of the Office of the Clerk of the Court (the "**Clerk's Office**"), the noticing and claims related services specified in the Application. In addition, at the Debtors' request, BMC will perform such other noticing, claims, technical and support services specified in the Application.

4. BMC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases. BMC has substantial experience in matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District including: In re Regen Biologics, Inc., Case No. 11-11083 (PWJ); In re Urban Brands, Inc., Case No. 10-13005 (KJC); and In re Ultimate Escapes Holdings, Inc., 10-12915 (BLS).

5. BMC represents, among other things, the following:

   (a) BMC is not a creditor of the Debtors;

   (b) BMC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in the Chapter 11 Cases;

   (c) By accepting employment in the Chapter 11 Cases, BMC waives any rights to receive compensation from the United States government;

   (d) In its capacity as the notice and claims agent in the Chapter 11 Cases, BMC will not be an agent of the United States and will not act on behalf of the United States;

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

(e) BMC will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in the Chapter 11 Cases;

(f) In its capacity as notice and claims agent in the Chapter 11 Cases, BMC will not intentionally misrepresent any fact to any person;

(g) BMC shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers; and

(h) None of the services provided by BMC as notice and claims agent shall be at the expense of the Clerk's Office.

6. The Debtors have many creditors, and accordingly, BMC may have rendered and may continue to render services to certain of these creditors. BMC has not and will not represent the separate interests of any such creditor in these Chapter 11 Cases. Additionally, BMC employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtors. For example, one or more of BMC's employees may have obligations outstanding with financial institutions that are creditors of the Debtors or may have used the Debtors' services.

7. Before the Petition Date, an affiliate of BMC, BMC Group VDR LLC ("**VDR**"), provided for the Debtors a secure virtual dataroom and related services in connection with the Debtors' sale process. The Debtors do not owe VDR (or BMC) any amount for services performed or expenses incurred prior to the Petition Date. The Debtors did not provide any retainer to VDR (or BMC) in connection with these services.

8. In connection with the contemplated notice, claims and balloting services set forth in the Application, the Debtors provided a $25,000 retainer to BMC (the "**Retainer**"). The Retainer paid to BMC was or will be applied to BMC's invoice for services rendered and expenses incurred prior to the Petition Date and performed under the Retention Agreement. To

3

CH\1292091.8

the extent that any portion of the Retainer remains after the Petition Date, such amount will be applied against BMC's first bill for postpetition fees and expenses.

9. To the best of my knowledge and except as disclosed herein, BMC neither holds nor represents any interest adverse to the Debtors' estates in connection with any matter on which it would be employed, and BMC is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code. BMC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

10. In performing the services of notice and claims agent, BMC will charge the Debtors the rates set forth in the Retention Agreement, which is attached to the Application as Exhibit B. The rates set forth therein are at least as favorable as the rates that BMC charges in cases in which it has been retained to perform similar services.

11. BMC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26th, 2011.

*Tinamarie Feil*
Tinamarie Feil
President, Client Services
BMC Group, Inc.